## No. 5206.

JEAN TRISCONI *v.* A. D. DUMAS and FRANCOIS VICTOR.

The plaintiff, having acquired the right in his own interest, during the continuance of the lease of part of a building, to prohibit the establishment of a grocery in the adjoining part of said building, in order to prevent competition with one of his own which he kept, was certainly at liberty to waive that right, and it is hard to see why such a waiver should not be a sufficient consideration for a contract entered into for the benefit of the person who desired such waiver.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hornor & Benedict,* for plaintiff and appellee; *A. & W. Voorhies,* for defendant and appellant.

TALIAFERRO, J. This suit is brought *in solido* against the defendants upon ten promissory notes of $83 33 each, with interest, costs of protest, etc. The notes were drawn by Dumas to the order of Victor, and by him indorsed. The defense is that the contract or agreement upon which these notes were given was without consideration, a mere *nudum pactum,* and void. The plaintiff had judgment in the court below, and the defendants have appealed.

It appears that Trisconi had leased from one Mary part of a building to be used as a grocery, with the stipulation that Mary should not lease the other part for the same business. Dumas leased this portion of the building from Mary under the stipulation imposed by Trisconi. Subsequently Dumas, desiring to embark in the same business, contracted with Trisconi for the privilege and executed the notes sued on in consideration thereof. Mary was not a party to this arrangement, but it does not appear that he interposed any objection. Trisconi had acquired the right in his own interest during the continuance of his lease to prohibit the establishment of a grocery in the adjoining part of the building to come into competition with his own. This right he was at liberty to waive, and we do not see why such waiver should not form the consideration of a contract when he chose to do so. Dumas desired the benefit of this waiver; he received that benefit from Trisconi, and could not legally have received it from any other person during the continuance of Trisconi's lease.

We think the decree of the lower court correct.

Judgment affirmed.

Rehearing refused.